## FLORENCE R. RUBIN *vs.* OSCAR KLEMER.

### JUNE 28, 1921.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Breach of Promise of Marriage.*

In an action to recover for breach of promise of marriage while the main question is how much damage plaintiff has suffered, the amount of damage is dependent to some extent upon the amount of property defendant had, and in addition to the loss of benefits which plaintiff would have enjoyed as the wife of defendant, she is entitled to recover her financial loss and any humiliation and any impairment of health due to defendant's refusal to keep his promise to marry.

ASSUMPSIT for breach of promise to marry. Heard on exceptions of both parties and all exceptions overruled.

RATHBUN, J. This is an action of assumpsit for breach of promise of marriage. The trial in the Superior Court resulted in a verdict for the plaintiff for $5,560. The defendant made a motion for new trial on the usual grounds and the trial court refused to disturb the findings of the jury that the defendant was liable but held that the amount of damages awarded was not supported by the evidence and granted a new trial unless the plaintiff should remit all damages in excess of three thousand dollars. The plaintiff did not file a remittitur but excepted to the decision of said justice. The case is before this court on plaintiff's exception to the decision granting a new trial and on defendant's exception to the refusal of said justice to grant a new trial without condition; also on certain exceptions of the defendant taken to the rulings of the court during the trial.

The defendant was introduced to the plaintiff some time in December, 1919, and the parties became engaged on January 8, 1920; on February 14, 1920, the defendant gave the plaintiff a diamond engagement ring of the value of five hundred dollars, and on June 24, 1920, this action was commenced.

The respondent, who was a widower, was the father of a female child six years of age. He testified that although he had affection for the plaintiff his main purpose in contemplating matrimony was to obtain a wife who would care for his child and that when he promised to marry the plaintiff it was understood and agreed as a part of the contract of marriage that the plaintiff after the marriage would assume the care of his child. He further testified that a few days after May 25, 1920, the plaintiff told him that she did not intend to take the responsibility of caring for his child and that after the marriage it would be necessary for him to place the child in a home and he replied: "If you don't want my child, then you don't want me;" that after this conversation

his attentions to the plaintiff ceased. Plaintiff denied telling the defendant that she would not care for the child and that it would be necessary to place the child in a home. Whether the plaintiff told the defendant that she did not propose to keep that part of her agreement which relates to the care of the child was clearly a question of fact for the jury and the finding of the jury on this issue has the approval of the trial court.

The trial justice in passing upon defendant's motion for a new trial filed the following decision: "It seems highly probable, if not reasonably certain, that the jury rated defendant's possessions higher than warranted by the weight of the evidence. New trial granted unless plaintiff within fifteen days of notice of this decision remit all damages in excess of $3,000."

The plaintiff now argues that it is immaterial whether the defendant has much or little property and that the only question is how much damage has the plaintiff suffered. On this phase of the case the main question, of course, is how much damage has the plaintiff suffered by reason of defendant's breach of the contract to marry. But the amount of the plaintiff's damage is dependent to some extent upon the amount of property which the defendant had. If the defendant was possessed of great wealth it is reasonable to assume that the plaintiff, had she married the defendant, would have enjoyed more of the comforts of life and a higher social position than she would have enjoyed if he had been a man of moderate means. 9 C. J. 372. At the trial the plaintiff contended that defendant by refusing to keep the contract to marry had prevented her from enjoying the benefits which his property would have given her and to show the amount of her damage in this particular she introduced testimony relative to the amount of property owned by the defendant.

Plaintiff testified that she, relying upon defendant's promise to marry her, resigned her position as a saleslady with the result that she was out of employment for a period

of seven months and lost wages to the amount of $420; that in preparing for a wedding she expended the sum of $825 in the purchase of certain articles which she would not have purchased had she not expected to marry the defendant. She admits, however, that some of this expenditure was not a total loss.

In addition to the loss of benefits which she would have enjoyed as wife of the defendant she is entitled to recover her financial loss and for any humiliation and any impairment of health due to the defendant's refusal to keep his promise to marry her. 9 C. J. 372.

The engagement was not of long duration. Within about five months after the defendant was introduced to the plaintiff the engagement was broken and within one month thereafter this action was commenced. During the trial no reflection was cast upon plaintiff's character. Although some insinuations were made during the trial that the defendant was a man of wealth no evidence was introduced to warrant a finding that he had any considerable amount of property. The defendant was a widower and had a small child. The plaintiff had agreed to assume the care of this child. She has been relieved of this responsibility. The trial court evidently considered that the damages awarded were grossly excessive.

We have examined all the evidence and are of the opinion that the sum of three thousand dollars, arrived at by said justice, is liberal compensation for all damage which the evidence fairly shows that the plaintiff suffered by reason of defendant's refusal to marry her.

The exceptions of both the plaintiff and the defendant are overruled. The case is remitted to the Superior Court for a new trial unless the plaintiff within fifteen days after the filing of this opinion shall in writing file with the clerk of the Superior Court her remittitur of all of said verdict in excess of three thousand dollars. If on or before said date the plaintiff files such remittitur the Superior Court is directed

to enter judgment for the plaintiff for three thousand dollars.

*Cushing, Carroll & McCartin,* for plaintiff.
*McGovern & Slattery,* for defendant.